UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THE NORTHERN ASSURANCE COMPANY OF
AMERICA; INTERNATIONAL MARINE
UNDERWRITERS,

          Plaintiffs,

vs.                      Case No.   2:07-cv-341-FtM-29SPC

ZAP MARINE ENTERPRISES, LLC,

          Defendant.
_____

**OPINION AND ORDER**

     This matter comes before the Court on plaintiffs' Motion for Summary Judgment (Doc. #29), filed on April 10, 2008. Defendant filed a Memorandum in Opposition (Doc. #33) on April 28, 2008, and plaintiffs filed a Reply Memorandum (Doc. #41) on May 19, 2008, with leave of Court.

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue at to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" if it may affect the outcome of the suit under governing law.  Id.

The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Rice-Lamar v. City of Ft. Lauderdale, Fla., 232 F.3d 836, 840 (11th Cir. 2000). In order to avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial motion. Celotex Corp., 477 U.S. at 322; Hilburn v. Murata Elecs. N.Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999).

In ruling on a motion for summary judgment, the Court is required to consider the evidence in the light most favorable to the nonmoving party, in this case, the Plaintiff. Johnson v. Booker T. Washington Broad. Servs., Inc., 234 F.3d 501, 507 (11th Cir. 2000); Jaques v. Kendrick, 43 F.3d 628, 630 (11th Cir. 1995). The Court does not weigh conflicting evidence or make credibility determinations. Hilburn, 181 F.3d at 1225. "If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial." Tullius v. Albright, 240 F.3d 1317, 1320 (11th Cir. 2001)(citing Clemons v. Dougherty County, 684 F.2d 1365, 1369 (11th Cir. 1982)).

**II.**

The undisputed facts in the Amended Complaint for Declaratory Relief (Doc. #39), as admitted by defendant in its Answer and Affirmative Defenses (Doc. #22), are as follows: Plaintiff The Northern Assurance Company of America (plaintiff or Northern) is the insurer of Policy of Insurance N5JH23666 (Policy), issued through its Marine Manager, International Marine Underwriters, for March 5, 2007, through March 5, 2008. The Policy was issued to Zap Marine Enterprises, LLC d/b/a Zap Marine (defendant or Zap) for hull insurance coverage on a 2002 aluminum barge 60' x 22'.

On or about April 18, 2007, a 1985 60' x 22' steel barge sank in clear, good weather in Marco Island, Florida. On or about April 24, 2007, Zap filed its Vessel Owner's or Master's Statement of Loss claiming damages, sworn and signed by Theodore Ryznar, Principal for Zap.

**III.**

Plaintiffs assert that the loss was the result of the barge being unseaworthy and in disrepair, and not as a result of marine peril. Specifically, based on the Affidavit of Darrell Brizendine (Doc. #29-2), plaintiffs assert that the cause of the sinking was rust and corrosion at the starboard bow from two holes in the steel hull of the barge, and that the holes caused the leakage and sinking rendering the barge unseaworthy. Defendant contends, based on the Affidavit of Captain Stanley G. Konz (Doc. #34), that the

sinking of the barge was due to an impact strike against a submerged object such as concrete and steel rubble at the worksite, which caused a split seam on the starboard forward chine, that no corrosion was found, and that the barge was seaworthy.

Clearly, the cause of the sinking is a central issue of fact because plaintiffs denied coverage based on their findings. As the cause is contested, summary judgment is not appropriate.

Accordingly, it is now

**ORDERED**:

Plaintiffs' Motion for Summary Judgment (Doc. #29) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___30th___ day of May, 2008.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record